By the Court, Bronson, J.
If the plaintiff wished to make the judgment recovered by Fuller conclusive upon the defendant, he should have given the defendant notice, and an opportunity to defend the suit. But the omission to give notice does not go to the right of action. It only leaves the onus upon the plaintiff of showing that the judgment was recovered for a claim or demand against which the defendant was bound to indemnify the plaintiff. On showing that, neither the want of notice, nor the fact that the judgment was recovered hy default, would, deprive the plaintiff of a remedy over on the defendant’s covenant.
But there is a fatal defect in the declaration for another reason. This is strictly a contract to indemnify and save harmless, and nothing more; and the plaintiff shows no breach. Although judgment has been recovered against him,. he has *326 paid nothing. He did not employ an attorney, and was put to no costs or expense in defending the suit. It does not even appear that he has any lands upon which the judgment is a lien. In Chace v. Hinman, (8 Wend. 452,) the contract was to indemnify against liability, as well as against actual damage; and even there the court was somewhat influenced by the decision of the court of errors in Rockfeller v. Donnelly, (8 Cowen, 623;) which, to say the least of it, is a very questionable case. This is not an agreement to indemnify against liability; but it is the common case of an agreement to indemnify against the “ claim or demand” of a third person; and before the plaintiff can recover, he must show that he has been damnified. The mere fact that the demand of Fuller has changed its form, by having passed into a judgment, is not enough.
Judgment for the defendant.